Citation Nr: 1730421 
Decision Date: 07/31/17 Archive Date: 08/04/17

DOCKET NO. 08-23 423 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Huntington, West Virginia


THE ISSUE

Entitlement to service connection for a back disability, to include as secondary to a service connected left knee disability. 


REPRESENTATION

Veteran represented by: Jan Dils group, Attorneys at Law 


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

K. Anderson, Counsel

INTRODUCTION

The Veteran had active military service from August 1991 to December 1993. 

This case comes to the Board of Veterans' Appeals (Board) from an August 2007 rating decision from the Department of Veterans Affairs (VA) Regional Office (RO) in Huntington, West Virginia. In October 2009, the Veteran testified before the undersigned at a Travel Board hearing. The requirements for substantiation of the claims on appeal were discussed with the Veteran. Bryant v. Shinseki, 23 Vet. App. 488, 496-97 (2010). The Board finds substantial compliance with the 2010 remand directives. Stegall v. West, 11 Vet. App. 268 (1998).

This claim was previously before the Board in January 2010, at which time the claim was remanded to allow the Agency of Original Jurisdiction (AOJ) to further assist the Veteran in the development of his claim, to include obtaining a medical opinion.

Although the following issues were certified to the Board for adjudication: service
connection for an acquired psychiatric disorder (to include post traumatic stress
disorder, anxiety, and depression); service connection for traumatic brain injury;
service connection for obstructive sleep apnea; service connection for bilateral
ankle disabilities; service connection for erectile dysfunction; service connection for
a left hip disability; and a disability rating in excess of 10 percent for a service connected left knee disability, a hearing request is pending, thus they are not yet ready for Board review. The issues of service connection for a right knee disability; service connection for a right foot disability; and total disability rating due to individual unemployability are awaiting a hearing by a Decision Review Officer at the RO and are not ready for Board review.
 





FINDING OF FACT

The Veteran does not have a back disability that is caused by his active military service or proximately due to a service connected disability. 


CONCLUSION OF LAW

A back disability was not incurred in service, and such disability is not proximately due to or aggravated by a service connected disability. 38 U.S.C.A. §§ 1110, 5103A, 5107 (West 2016); 38 C.F.R. §§ 3.159, 3.303, 3.304 (2016).


REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran asserted entitlement to service connection for a back disability. Specifically, he claims that he injured his back immediately after he experienced a rough parachute landing in January 1993. Additionally, he also asserts that his back is disability was caused or aggravated by his service connected left knee disability. 

Service connection may be established for a disability resulting from a disease or injury incurred in or aggravated by active duty service. 38 U.S.C.A. §§ 1110, 1131;38 C.F.R. § 3.303(a). Service connection may also be established for any disease diagnosed after discharge when all of the evidence establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d). Entitlement to service connection requires evidence showing (1) the existence of a current disability; 
(2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the current disability and the disease or injury incurred or aggravated during service (the "nexus" requirement). 38 U.S.C.A. §§ 1110; 38 C.F.R. § 3.303(a); Shedden v. Principi, 381 F.3d 1163, 1166-67 (Fed. Cir. 2004).

Service connection may also be established on a secondary basis upon a showing that the disability for which the claim is made is proximately due to or the result of service-connected disease or injury or that service-connected disease or injury has chronically worsened the disability for which service connection is sought. 38 C.F.R. § 3.310 (2016); Allen v. Brown, 7 Vet. App. 439 (1995) (en banc).

The Veteran has been diagnosed with early degenerative disc disease and chronic musculoligamentous strain of the lumbar spine. As such, the first element of service connection has been met. The remaining questions are whether there is evidence of an in service occurrence of an injury or disease and competent evidence of a nexus between the current disability and the in-service disease or injury. 

A review of the Veteran's service treatment records do not reveal complaints or treatment for back pain in service, nor do they show a diagnosis of back pain. 

In May 2016, the Veteran underwent a VA examination in order to determine the etiology of the Veteran's back disability. At this time the Veteran reported that he had a parachute malfunction in January 1993, resulting in a rough landing, injuring his left knee and other joints. The Veteran told the examiner that his back began hurting just after the jump and has bothered him ever since. After examining the Veteran and reviewing his medical records, the VA examiner determined that the Veteran's back disability was less likely than not incurred in or caused by the claimed in-service injury event or illness. The VA physician's rationale for this opinion is based upon the fact that the Veteran's first x-rays of record are from May 2010 and was interpreted as showing early degenerative disease. However, the examiner noted that this diagnosis is "doubtful" given the fact that a current x-ray dated May 2016 shows neither degenerative disc nor degenerative joint disease. The examiner concluded that the based on current x-rays and the Veteran's symptoms of pain and reduced range of motion, the most likely diagnosis is chronic musculoligamentous strain of the lumbar spine. 

The examiner also noted that immediately after his rough parachute landing in January 1993, the Veteran presented to sick call two days later with his only complaint being left leg pain. There was no mention of any back problem, and there were no further visits to sick call for the remaining twelve months of service. The Veteran's jump log documented five jumps after the January 1993 injury that began two weeks later on January 22, 1993. The Veteran completed a total of 16 jumps by September 23, 1993. The examiner reviewed the Veteran's post-separation medical evidence and saw that there was no mention of any back problem until an x-ray of the lumbar spine was obtained in May 2010. The Veteran first presented to the VA in May 2000 with complaints of neck pain and no mention of any back pain. Lastly, the VA examiner saw that neither back pain nor lumbago appeared on the Veteran's "VA Problem List" from 2000 to the time of the examination. As such, the examiner concluded that it was less likely than not that the Veteran's current chronic musculoligamentous strain of the lumbar spine is related to the rough parachute landing in January 1993. 

The examiner also addressed whether the Veteran's parachute jumps in general were responsible for the Veteran's back disability. The examiner concluded that since the Veteran only completed 16 jumps over a 21 month period, which is a small number and significantly less than veteran's who have experienced traumatic damage to back and other joints after 100 jumps. Taking that fact and coupling it with the fact that the Veteran was between the ages of 19-21 at the time of his jumps it was less likely than not that his small number of parachute jumps at an early age had any bearing on his current back condition. 

The VA examiner also concluded that it was less likely than not that the Veteran's current back pain is proximately due to or the result of the Veteran's service connected condition, to include his left knee. The examiner justified his conclusion by stating that if the Veteran injured his back at the same time he injured his left knee, the back could not be secondary to the knee as both injuries would have occurred simultaneously. Further, even if the back pain began years later, the examiner concluded that it would not be secondary to his left knee condition, since the Veteran's gait is only minimally antalgic and not sufficient to induce significant weight shifts that would lead to chronic strain of the lumbar spine. 

As to the question of whether the Veteran's left knee aggravated the Veteran's back condition, the VA examiner concluded that it was less likely than not. This conclusion was based upon the fact that if his back began hurting immediately after his rough landing in January 1993, then his back condition could not have been aggravated by his left knee disability, as they both occurred simultaneously. In addition, in order for the back condition to be aggravated by his left knee, the Veteran would have had to manifest an antalgic gait for many years resulting in abnormal weight bearing transference and stress on the lower spine. However, the examiner stated, the Veteran's currently observed gait is only minimally antalgic and not sufficient to be problematic. 

Lastly, in an addendum opinion the VA examiner stated that there is absolutely no evidence that the Veteran's arthritis was manifested to a compensable degree within one year of his discharge from service. The examiner based this opinion on the fact that the Veteran's first x-rays for his back were taken in May 2010, even though the Veteran's first VA medical center appointment was on April 2000 and his only complaint at that time was in regards to his neck. 

In June 2010, the Veteran underwent a VA medical examination of his back. At that time it was reported that the Veteran had a history of chronic low back pain with no radiation and no trauma. At that time the examiner noted his back disability was not related to his active military service. The Veteran told the examiner that he did not recall any incident or injury to his back that required treatment during his active military service. As such, the examiner concluded that he had no back injury in service and that his current back condition was not related to any incident in service or the incident involving a parachute jump that caused his left leg strain. 

At the Veteran's October 2009 hearing, he stated that he had back pain in service, but that he did not go to sick call for such pain. He also stated that he could not recall if he injured his back during a parachute jump, but that his back did not hurt when he had his parachute incident. Specifically, the Veteran stated that he didn't know if his parachute incident hurt his back at the time that he injured his knee. Further, the Veteran stated that he has never been treated for his back, but that he has had ongoing problems since service. 

A review of the Veteran's post service treatment record indicate that he received treatment for acute cervical strain in May 1997 due to a motor vehicle accident. Additional evidence reveals that the Veteran had an on the job injury to his neck in February 2000 with a re-injury in 2002. The Veteran reported low back pain in May 2000 after the initial injury, and it was reported by the Veteran that he injured his back at the same time he injured his neck. The diagnostic imaging taken at the time of the injury to the Veteran's neck did not reveal any abnormality of the thoracolumbar spine, and it was concluded that the pain he was feeling was radiating down his back due to cervical radiculopathy. 

A treatment note dated April 2002 from Dr. S.L, wherein the physician notes that the Veteran was treated for residuals of an accident at his place of employment. The physician explained in the note that treatment of Veteran began on April 12, 2000 and at that time he only complained of mid-line cervical pain without radiating pain. However, by May 4, 2000, the Veteran began complaining of low back pain. The Veteran told the examiner that he hurt it at work at the time of the original injury but had not noted the pain until May. The physician requested an MRI and the Veteran was shown to have a herniated disc at C6/7 and continued complaints of lower back pain. When the Veteran was evaluated on January 6, 2001 he had continued complaints of neck and thoracolumbar pain. He denied any radiating pain down his legs, numbness, tingling, etc. Straight leg raise tension signs were negative; x-rays were taken at the time of his thoracolumbar spine, and revealed no obvious bony pathology. On March 31, 2001, the Veteran was seen again complaining of pain in his mid-thoracic spine. He denied any numbness, tingling, or neurological symptoms. 

A vocational evaluation from September 2002 notes that in February 2001 the Veteran, while working for a construction company, injured his neck and back. At that time he was granted a 2% impairment rating for the lower back. 

Based upon the evidence of record, the Veteran first began complaining of mid to lower back pain after he suffered an accident post service at his place of employment. The evidence does not show that his back pain manifested in service nor was he diagnosed in service with a back disability. While the Veteran did suffer a serious injury in service after a parachute jump that injured his left knee, the evidence does not show that he sustained an injury to his back at that time. At his hearing, the Veteran stated that he was unsure if he injured his back at the time of the parachute jump. 
In contrast, the May 2016 VA examination report constitutes highly probative evidence that weighs against service connection for a low back disability. The VA opinion was rendered by a doctor who reviewed the Veteran's claims file and pertinent medical history and provided a clear rationale for why the Veteran's low back disability does not relate to service on a direct or secondary basis. Moreover, the VA opinion is consistent with subsequent diagnostic tests (June 2016) that show no arthritis of the low back, with medical treatment records that document a largely normal gait, and with previous VA examination findings. 

Whether the Veteran's low back disability was caused or aggravated by active duty or by a service-connected left knee disability is a medically complex determination that cannot be made based on lay observation alone. Jandreau v. Nicholson, 492 F. 3d 1372, 1377 & n4 (Fed. Cir. 2007). Because the Veteran lacks medical training and experience, his assertions that his low back disability relates to service are outweighed by the May 2016 VA examiner's opinion, which was rendered by a medical professional. Layno, 6 Vet. App. at 470-71. 

Additionally, the fact that over 15 years elapsed between service separation in December 1993 and the manifestation of a back disability in May 2010, further weighs against a relationship to service. Maxson v. Gober, 230 F.3d 1330, 1333 (Fed. Cir. 2000). The Veteran was diagnosed as having a back disability only after the February 2000 workplace accident in which he injured his head and neck. Thus, the probative evidence of record establishes that the Veteran's low back problems neither manifested in service nor have not been continuous since he left service. The Board finds the evidence does not establish that the Veteran injured his back as a result of the January 1993 accident or that he experienced chronic back problems at any time during service. It also does not establish that his current low back strain results from a series of in-service parachute jumps or that it otherwise relates to service. Furthermore, there evidence does not establish that the Veteran's service-connected left knee disability caused or aggravated his low back strain.

The preponderance of the evidence is against the Veteran's claim. The benefit-of the-doubt rule does not apply and service connection for low back strain is denied. See 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49, 55.

ORDER

Service connection for a back disability is denied. 




______________________________________________
CHERYL L. MASON
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs